**6**

**UNITED STATES ex rel. BERMAN
v. CRAIG.**

**Civ. A. No. 830–52.**

United States District Court
D. New Jersey.

Oct. 13, 1953.

Order Affirmed Nov. 27, 1953.

See 207 F.2d 888.

See, also, D.C., 107 F.Supp. 529.

Brenman & Susser, Paterson, N. J.,
Lloyd Paul Stryker, Harold W. Wolfram,
New York City, for relator.

William F. Tompkins, Frederick B.
Lacey, Newark, N. J., for respondent.

MEANEY, District Judge.

Motion has been made by Daniel M.
Berman, the relator herein, to set aside
the findings of fact and conclusions of
law, and the order entered thereon, after
a supplemental hearing on April 2, 1953
in the above-entitled matter, and for the
granting of a new trial as to the issues
raised at that hearing.

The basis for the motion is the allega-
tion that actually the relator was not
provided with a "fair résumé" of evi-
dence adverse to him in the investiga-
tor's report,[1] as required by the decision
of the Supreme Court in the case of Unit-
ed States v. Nugent, 1953, 346 U.S. 1, 73
S.Ct. 991.

What constitutes a fair résumé
in any individual case must ultimately
depend on whether or not such résumé
constituted a comprehensive, intelligible
and reasonable digest or summary of in-
formation which may have been unfavor-
able to the relator, and which was con-
tained in the investigator's report.

In response to his request, re-
lator received a letter dated April 26,
1951 from the Department of Justice
which summarized the representations
made against him. This summary did
not, to be sure, set forth the names and
addresses of the persons from whom hos-
tile statements were secured, nor was the
relator confronted with his anonymous
accusers. But the requirements of the
Selective Service Act do not entitle the
registrant to any such information or
procedure. The use of the word "fair"
in the term "fair résumé" may beget con-
fusion as to the general situation. But
holding the word to its proper adjectival
function of qualifying the noun which it
modifies, this court believes that all in-
jected references to the question of fair-

1. See § 6(j) of the Selective Service Act of 1948, 50 U.S.C.Appendix, § 456(j).

ness of the general procedures are not germane to the issue. Congress has established the means and methods of the operation of the Selective Service Act, and the Supreme Court has given authoritative interpretation of the significance of the legislative wording and intent.

In the findings of this court, now questioned by this motion, the court found that the relator was given free access to the report of the hearing officer. This court now finds that the letter to the relator of April 26, 1951 was a "fair résumé of any adverse evidence in the investigator's report",[2] and that he was denied no right properly his in respect to the adequacy of the résumé. It would seem that relator's quarrel is not so much with the proceedings complained of in his motion as with the law-making body and the court which definitively has passed upon this particular phase of the Selective Service Act, this of course presuming the correctness of this court's conclusions.

The motion, therefore, must be denied.

---

2.   United States v. Nugent, 346 U.S. 1, at page 6, 73 S.Ct. 991, at page 994.